ELECTRONICALLY FILED
2013-Sep-18 16:02:53
60CV-13-3738

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

CIVIL DIVISION

_____ DIVISION

ROBERT WARREN;
ROSALYN WARREN,                                             PLAINTIFFS
WIFE OF ROBERT WARREN

VS.                                    CASE NO._____

EMILIO TIRADO, MD;
ST. VINCENT'S HOSPITAL;
ST. VINCENT INFIRMARY MEDICAL CENTER;
ARKANSAS STATE MEDICAL BOARD                                DEFENDANTS

COMPLAINT

Plaintiff Robert Warren; Plaintiff Rosalyn Warren, wife of Robert Warren for their complaint against Emilio Tirado, MD; ST. Vincent's Hospital; ST. Vincent Infirmary Medical Center; Arkansas State Medical Board

NATURE AND PURPOSE OF THE ACTION

1.   Plaintiff's bring this action under 42 U.S.C. § 1981, 1982 and 1983; 42 USC § 1395y under Ark. Code Ann. §§ 16-62-101 and 102, to recover money damages, both compensatory and punitive, for the serious and permanent bodily injuries suffered by Robert Warren and Rosalyn Warren caused by the defendants as stated herein.

1



## JURISDICTION AND VENUE

2.  This complaint alleges civil rights violations actionable under Title 42 U.S.C. § 1981, 1982 and 1983 violation of the Medicare act 42 USC § 1395y and under Ark. Code Ann. §§ 16-62-101 and 102, and the laws of the State of Arkansas, specifically the Arkansas Civil Rights Act and Arkansas laws related to Medical malpractice, negligence, and intentional torts. This complaint alternatively pleads negligence causes of action arising under Arkansas common law. Jurisdiction of this court is based on Ark. Code Ann. § 16-13-201. Robert Warren has suffered losses and damages in excess of the amount required for federal court diversity jurisdiction.

3.  Venue is proper as all the cause of action regarding the events took place in Little Rock, Pulaski County, Arkansas.

## PARTIES

4.  The Parties are:

A. Plaintiffs: 1. Robert Warren a black citizen of the United States and the State of Arkansas, he is a married person. 2. Rosalyn Warren a black citizen of the United States and the State of Arkansas, she is a married person. Robert and Rosalyn Warren are husband and wife.

B. Defendants: 1. Emilio Tirado, MD, he is a resident of Little Rock, Pulaski County Arkansas. 2. ST. Vincent's Hospital is a non-profit corporation located at #2 St. Vincent Circle, Little Rock, Arkansas it is fictitious name or a DBA of ST. Vincent Infirmary Medical Center whose agent of service is THE CORPORATION COMPANY.

3. ST. Vincent Infirmary Medical Center a non-profit corporation DBA as ST. Vincent Hospital or fictitious name of ST. Vincent Infirmary located at #2 St. Vincent Circle, Little Rock, Arkansas its agent for service is the CORPORATION COMPANY address is 124 west Capitol Ave., Suite 1900, Little Rock, Arkansas 72201; 4. Arkansas State Medical Board 1401 West Capitol Avenue, Suite 340 Little Rock, AR 72201

## FACTS

5. July 30, 2009 Plaintiff was referred to Dr. Emilio Tirado, MD by Barbara Perry, MD his primary care physician for the purposes of soft tissue mass in his neck and removal of a mole in the right temple area on the eyeglass line.

6. Surgery was not performed by Dr. Emilio Tirado, MD because Medicare would not cover the costs.

7. June 16, 2011 plaintiff was again referred by Barbara Perry, MD to Dr. Emilio Tirado, MD. Surgery was scheduled for the June 24, 2011 at ST. Vincent Infirmary Outpatient Surgery Clinic. Dr. Emilio Tirado, MD was to operate on the right side of plaintiff's neck and the removal of the mole in the temple area specifically in the eyeglass alignment.

8. Plaintiff arrived for surgery at ST. Vincent Infirmary Outpatient Surgery Clinic at 6:00 A.M. on June 24, 2011.

9. Plaintiff was prepped for surgery; blood pressure was extremely high and was given valium and medication to decrease blood pressure.

10. Dr. Emilio Tirado, MD performed surgery on Plaintiffs neck as scheduled, Dr. Emilio Tirado, MD and the surgical/procedure team then took time out to discuss the next procedure as it was invasive and involved in removing a mole from the plaintiffs temple area.

11. Dr. Emilio Tirado, MD then performed the next surgery which was to be performed on plaintiff's temple area.

12. Plaintiff awakened from surgery and discovered surgery had been performed in the incorrect area. Dr. Emilio Tirado, MD had performed surgery on the right jaw and had removed an acne pimple which there was no complaint concerning this area.

13. Plaintiff informed the nursing staff that the Dr. Emilio Tirado, MD operated on the incorrect area. Plaintiff had to walk to the nursing station in a hospital gown to take a call from Dr. Emilio Tirado, MD and informed Dr. Emilio Tirado, MD he operated on the wrong area. Dr. Emilio Tirado, MD advised plaintiff he operated on the correct area and would not return to the hospital and advised plaintiff he would see him in his office at 500 S. University, Doctors Building, Suite 808 Little Rock, Arkansas 72202 the following Monday, June 27, 2011.

14. The nursing staff refused to call another physician to review and examine plaintiffs concerns of the surgical procedure. The surgical procedure Dr. Emilio Tirado, MD performed resulted in a quarter-size hole in the right side of the plaintiffs jaw in which was packed a substance.

15. Plaintiff was informed that the substance in his wound could not be exposed to heat, however plaintiff was discharged with no medical assistance to his vehicle while the temperature outside had reached 102 degrees as in his vehicle the temperature was

increased by 25 degrees. The substance that was packed in the wound that was left from the surgery began to melt on the plaintiffs face.

16. Plaintiff spoke to Jamie Jones, Hospital Administrator at St. Vincent's Hospital, #2 St. Vincent Circle, Little Rock, Arkansas 72205 on June 24, 2011 concerning the wrongful surgery.

17. On June 27, 2011 at 9:40AM plaintiff also contacted Wes Garrison, RN, MSN, MBA, and Surgical Line Administrator at St. Vincent Health System. Plaintiff was advised his concerns with Dr. Emilio Tirado, MD was passed on to Dr. James Tanner, Vice President & Chief Medical Officer to address Dr. Emilio Tirado, MD as appropriate. Wes Garrison, RN, MSN, MBA, Surgical Line Administrator at St. Vincent Health System also contacted Dr. Bobby Perry's office.

18. Plaintiff was then referred to Dr. Bobby Perry, who performed the surgery and removed the mole from his temple area as an out-patient in his office, 500 S. University, Suite #317, Little Rock, Arkansas 72202.

19. Plaintiff filed complaint with the Arkansas State Medical Board for wrongful surgery as Dr. Emilio Tirado, MD operated on the incorrect site. The State Medical Board found no wrong-doing as it relates to the surgery on Dr. Emilio Tirado, MD performance on plaintiff.

## DAMAGES

20. Plaintiff's incorporates by reference Paragraphs one – nineteen (1-19) listed above, as if set out word for word herein, and respectfully shows the Court the following:

21. Violation of the Medicare Act according to 42 USC § 1395y

22. defendant Dr. Emilio Tirado, MD had a duty to follow the standard of care as a medical practitioner and use the best of care and performing the surgical procedure on plaintiff.

23. defendant Dr. Emilio Tirado, MD had a duty to perform the surgical procedure pursuing to the standard of care for physicians practicing surgery in the state of Arkansas.

24. defendant Dr. Emilio Tirado, MD had a duty to perform a standard of care utilized by persons practicing under the Medicare Act using Medicare funds.

25. defendant Dr. Emilio Tirado, MD had a duty to plaintiff and he breached that duty which resulted in damages.

26. As a direct and proximate cause of defendant's violation of the standards of care plaintiff suffered damages under the Medicare Act including, assault and battery, intentional infliction of emotional distress, psychological damages, scarring and disfigurement including permanent scarring and disfigurement of the right jaw. Since that time plaintiff has had to undergo psychological analysis and psychological therapy in which he is currently being treated on a monthly basis and has been placed on prescribed medication Valium, Lithium, and Adderall.

27. The above constitutes breach of contract and tortious in outrageous conduct under the Medicare Act.

28. Plaintiff's incorporates by reference Paragraphs one – twenty-seven (1-27) listed above, as if set out word for word herein, and respectfully shows the Court the following:

29. Defendants ST. Vincent Hospital and ST. Medical Center had a duty to supervise, direct and control Dr. Emilio Tirado, MD and the surgical staff under the Medicare Act and a duty that Dr. Emilio Tirado, MD and the staff provide the standard of care as

reasonable prudent professionals performing the surgery which plaintiff contracted them for.

30. Defendants ST. Vincent Hospital and ST. Medical Center breached its duty as it failed to supervise and control defendants Dr. Emilio Tirado, MD and surgical staff.

31. The failure of defendants ST. Vincent Hospital and ST. Medical Center resulted in damages as outlined above.

32. damages pursuing to 1981 plaintiffs incorporates by reference Paragraph one – thirty-one (1-31)

33. At all-time relevant plaintiff was a black American. Defendant Dr. Emilio Tirado, MD was a white Hispanic and the surgical staff was all white-Americans.

34. Plaintiff did not receive the standard of care as white-American citizens because he was a black-American which violates Title 42 U.S.C. §1981 which grants plaintiff the same rights as white-Americans. Had plaintiff been a white-American he would not have suffered the pain and suffering as described above.

35. Defendants, ST. Vincent Hospital and ST. Vincent Infirmary violated 42 U.S.C. § 1981 as it failed to supervise and control Dr. Emilio Tirado, MD and the surgical staff because of plaintiffs race and color. Had plaintiff been a white-American he would not have received such treatment from defendants.

36. Plaintiff complained to the Arkansas State Medical Board which found no wrong doing on the part of Dr. Emilio Tirado, MD this finding of the Arkansas State Medical Board was made because of plaintiffs race and color in violation of 42 U.S.C. § 1981. Had plaintiff been a white-American the Medical Board would have found that

Dr. Emilio Tirado, MD violated the Arkansas Medical Practice Act and would have severely disciplined Dr. Emilio Tirado, MD.

37. Violation of 42 U.S.C. § 1982 incorporates Paragraph one – thirty-six (1-36) listed above, as if set out word for word herein, and respectfully shows the Court the following: damages pursuing to 1982 plaintiffs incorporates by reference Paragraph one – thirty-six (1-36)

38. At all-time relevant plaintiff was a black American. Defendant Dr. Emilio Tirado, MD was a white Hispanic and the surgical staff was all white-Americans.

39. Plaintiff did not receive the standard of care as white-American citizens because he was a black-American which violates 42 U.S.C. §1982 which grants plaintiff the same rights as white-Americans. Had plaintiff been a white-American he would not have suffered the pain and suffering as described above.

40. Defendants, ST. Vincent Hospital and ST. Vincent Infirmary violated 42 U.S.C. § 1982 as it failed to supervise and control Dr. Emilio Tirado, MD and the surgical staff because of plaintiffs race and color. Had plaintiff been a white-American he would not have received such treatment from defendants.

41. Plaintiff complained to the Arkansas State Medical Board which found no wrong doing on the part of Dr. Emilio Tirado, MD this finding of the Arkansas State Medical Board was made because of plaintiffs race and color in violation of 42 U.S.C. § 1982. Had plaintiff been a white-American the Medical Board would have found that Dr. Emilio Tirado, MD violated the Arkansas Medical Practice Act and would have severely disciplined Dr. Emilio Tirado, MD.

42. Dr. Emilio Tirado, MD ST. VINCENT HOSPITAL and ST. VINCENT INFIRMARY MEDICAL CENTER as well as the ARKANSAS STATE MEDICAL BOARD failed to exercise the standard of care because of the plaintiff's race and color. Plaintiff as a black citizen of the United States and as it relates to his appearance, statue, color, and standard of duty cosmetics etc. was not given the proper consideration and care by the defendants because of his race and color in violation of 42 U.S.C. § 1982.

## VIOLATION OF THE ARKANSAS MEDICAL PRACTICE ACT AND NEGLIGENCE

43. Plaintiff incorporates Paragraph one – forty-two (1-42) listed above, as if set out word for word herein, and respectfully shows the Court the following:

44. The above demonstrates that the defendants violated the standard of care of reasonable surgical and medical personal which plaintiff had a right to expect. Defendants' breach resulted in damages as outlined above.

45. The acts above constitute negligence, a breach of duty owed to plaintiff by defendants. Defendants breached that duty resulting in damages as outlined above.

## VIOLATION OF 42 U.S.C. § 1983

46. Plaintiff incorporates Paragraph one – forty-five (1-45) listed above, as if set out word for word herein, and respectfully shows the Court the following:

47. Defendant ARKANSAS STATE MEDICAL BOARD deprived plaintiff rights under color of state law.

48. Had plaintiff been a white-American citizen of the state of Arkansas, the ARKANSAS STATE BOARD would have found Dr. Emilio Tirado, MD had violated the Arkansas Medical Practice Act when he operated on the wrong part of plaintiffs face.

49. The above Dr. Emilio Tirado, MD constitutes negligence, assault and battery, permanent disfigurement, permanent scarring, psychological trauma, permanent psychological, emotional distress and intentional infliction of emotional distress.

50. Plaintiff has suffered damages as outlined above as a direct and proximate result of defendant's negligent conduct, plaintiff's spouse suffered injuries as outlined above:

51. Before suffering these injuries, plaintiff's spouse was able to and did perform all the duties of a husband and did perform all these duties, including assisting in maintaining the home, and providing love, companionship, affection, society, sexual relations, moral support, and solace to plaintiff.

52. As a direct and proximate result of the injuries, plaintiff's spouse has been unable to perform the duties of husband in that can no longer assist with housework, have sexual intercourse, participate in family, recreational, or social activities with plaintiff, or contribute to the household income.

53. Due to the nature of the injuries sustained by plaintiff's spouse and the severe physical, psychological, emotional and mental strains they cause him, plaintiff's spouse is no longer able to provide plaintiff with love, companionship, affection, society, moral support, and solace.

54. Because of these injuries, plaintiff's spouse will be unable to perform these duties in the future. Plaintiff is therefore deprived and will be permanently deprived of her spouse's consortium.

55.     Before plaintiff's spouse was injured he was 6'0 tall, weighing approximately 190 lbs. He was a person who was concerned about his personal appearance, dress, hair and complexion etc. Since the injury plaintiff's spouse has suffered permanent scarring on his face resulting in severe depression and psychological damages.

56.     Plaintiffs spouse has suffered damages in excess of $250, 000 the exact amount she will establish at trial in this matter.

57.     The conduct of defendants is so willful, wanton and outrageous that punitive damages should be imposed. Punitive damages shall be imposed in the amount to compensate plaintiffs for the outrageous conduct for which amount plaintiff will establish at trial.

WHEREFORE, PLAINTIFFS, ROBERT WARREN; ROSALYN WARREN, WIFE OF ROBERT WARREN prays that judgment be entered in the amount prayed for above and that the court award punitive damages as requested above and that the court award plaintiffs their costs and attorney fees, and that the court award the plaintiffs' attorney fees and costs pursuant to THE CIVIL RIGHTS ATTORNEY FEES ACT, 42 U.S.C. § 1988, and all other just and proper relief.

Respectfully submitted,

*[signature]*

ROBERT WARREN
6001 Tall Pine Blvd.
Little Rock, AR 72204

*[signature]*

ROSALYN A. WARREN
6001 Tall Pine Blvd.
Little Rock, AR 72204

STATE OF ARKANSAS

County of PULASKI

VERIFICATION

Robert Warren and Rosalyn Warren Plaintiffs, states upon oath that they have read the statements contained in the foregoing pleading and they are true and correct to the best of their knowledge and belief.

Subscribed and sworn to before me this __18th__ day of __Sept, 2013__

*[signature]*

Notary Public

```
JAMEKA ESTERS
NOTARY PUBLIC-STATE OF ARKANSAS
PULASKI COUNTY
My Commission Expires 08/18/2017
Commission # 12362092
```

My commission expires: